THE STATE EX REL. JARRETT, APPELLEE AND CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *State ex rel. Jarrett v. Indus. Comm.* (1994), 69 Ohio St.3d 127.]

(No. 93–868—Submitted February 22, 1994—Decided April 27, 1994.)

128

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellee and cross-appellant.

*Lee I. Fisher,* Attorney General, *Merl H. Wayman* and *Richard A. Hernandez,* Assistant Attorneys General, for appellant and cross-appellee Industrial Commission.

*Bricker & Eckler, Charles D. Smith* and *Sarah J. DeBruin,* for appellant and cross-appellee Amcast Industrial Corp.

---

*Per Curiam.* Claimant seeks a writ of mandamus to compel an award of permanent total disability compensation. See *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission and employer seek reinstatement of the commission's order. For the reasons to follow, we affirm the judgment below.

We find initially that the commission's order violates *Noll.* Claimant has a fairly low physical impairment and is relatively young—factors that militate against permanent total disability. The commission's order, however, also lists claimant's extremely limited education and unskilled work history as factors that purportedly support its decision. The commission's order does not explain how these factors combine to produce a claimant who can do other work. As the appellate court referee aptly observed:

"[T]here is no language in the commission's order which constitutes an explanation within the meaning of *Noll* because there is no connection between the evidence listed and the ultimate conclusion."

Having found *Noll* noncompliance, we must determine whether to issue relief consistent with *Noll* or *Gay.* Given the pendency of claimant's motion for psychiatric allowance, we find the latter relief to be premature, since the commission may render a different decision if the psychiatric condition becomes an allowed part of the claim.

We also note that, contrary to claimant's assertion, claimant's psychiatric condition, if denied, cannot be considered in a determination of claimant's entitlement to permanent total disability compensation. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018. Likewise, claimant's contention that his due-process rights were violated by a lack of written commission permanent total disability guidelines was previously rejected in *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.

The cause is therefore returned to the commission for resolution of claimant's motion for additional psychiatric allowance. Once that is determined, the com-

mission is to reconsider claimant's application for permanent total disability compensation and issue an amended order that satisfies *Noll.*

The appellate court's judgment is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse on authority of *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.