THE STATE EX REL. BELL, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Bell v. Indus. Comm.* (1995), 72 Ohio St.3d 575.]

(No. 93–2619—Submitted May 9, 1995—Decided July 26, 1995.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant and cross-appellee.

*Betty D. Montgomery,* Attorney General, and *Melanie Cornelius,* Assistant Attorney General, for appellee and cross-appellant.

*Per Curiam.* Both sides object to the appellate court's disposition. While claimant seeks to compel an award of permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, the commission seeks to reinstate its decision. For the reasons to follow, we affirm the judgment of the court of appeals.

Two of claimant's objections fall quickly. First, the commission's alleged lack of permanent total disability guidelines does not violate due process. *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23. Second, contrary to claimant's representation, the commission did not ignore Dr. Riccio's vocational report. The order specifies that the report was reviewed.

Claimant also proposes that Dr. Edelstein's reports are entitled to enhanced weight because he was claimant's attending physician. We disagree. The commission has exclusive authority to evaluate evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Claimant's proposal infringes on that authority.

Claimant alternatively asserts that the reports of Industrial Commission physicians warrant heightened deference. Apparently, however, the proposed precept applies only to those doctors with opinions favorable to claimant, for claimant, in the next breath, criticizes the commission for relying on its other specialists—Drs. Koppenhoefer, Louis and Howard. The flaws in this argument are obvious.

Claimant also suggests that, henceforth, *all* commission orders be made to set forth the reasons for finding one report more persuasive than another. Claimant's argument, as a broad proposition, is weakened by *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1984), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and *Noll, supra. Noll* requires only a brief explanation of the commission's reasoning. *Mitchell* instructs the commission to list in its orders the evidence on which it relied. Moreover, later decisions have stressed that a reviewing court is not aided by a recitation of evidence that was considered but not found persuasive. See, *e.g., State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550

N.E.2d 174. Logic dictates that if the identity of rejected evidence is irrelevant, so is the reason for rejection.

We recognize that each permanent total disability case is unique and, as such, a more detailed explanation for *all* commission orders is not necessary. In this case, the most glaring deficiency in the commission's order arises from its failure to adequately explain its nonmedical analysis. The commission's discussion is a bare recitation of data without elaboration as to how the cited factors combined to make claimant work-amenable. *State ex rel. Jarrett v. Indus. Comm.* (1994), 69 Ohio St.3d 127, 630 N.E.2d 699, has declared such a recitation to be unacceptable under *Noll.*

While we agree, therefore, that the commission's order falls short of *Noll,* we disagree with claimant's contention that the order's shortcomings compel the issuance of a full writ pursuant to *Gay.* We note that neither claimant's medical nor nonmedical profile presents the requisite one-sidedness necessary to sustain a claim for *Gay* relief. As to the latter, claimant's nonmedical profile does not clearly suggest *Gay* relief. Claimant was only fifty-nine when permanent total disability compensation was denied. He was a high school graduate with specialized mechanics training. This is in contrast to, for example, a sixty-eight-year-old English illiterate with no skills and a sixth grade education. See *State ex rel. Soto v. Indus. Comm.* (1994), 69 Ohio St.3d 146, 630 N.E.2d 714 (*Gay* relief awarded).

We turn finally to the commission's claim that claimant's inability to work is a result of claimant's voluntary refusal to work. The commission's assertion is based on the following passage from Dr. Nizny's report:

"Mr. Bell himself seems to have accepted the doctor's statement that he is completely and forevermore impaired and has not [himself] sought rehabilitation or other gainful employment. As he said to me, 'You don't fight the man with the pencil.' In this regard he has regressed from employment to a dependent state where he views himself as totally impaired.

"It is clear to me that Mr. Bell does have some residual of the previous described Post–Traumatic Stress Disorder of feeling terrified to resume work as a bus driver and because of his rage at his employer and his distrust of them now states that he would refuse any work offered by Metro."

We reject the commission's argument for two reasons. First, it essentially penalizes the claimant for heeding his attending physician's instructions. Dr. Edelstein said that, medically, claimant could not work. Second, claimant's reported refusal to return to SORTA ignores that his industrial injury removed him from his job before the statement was ever made. We do not, therefore, find

that claimant has voluntarily forfeited eligibility for further consideration of his application for permanent total disability compensation.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.