[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 373.]

THE STATE EX REL. PASS, APPELLANT, *v*. C.S.T. EXTRACTION COMPANY;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Pass v. C.S.T. Extraction Co.*, 1996-Ohio-126.]

*Workers' compensation—Application for permanent total disability compensation—Relief pursuant to State ex rel. Gay v. Mihm will be granted only in extraordinary circumstances revealing an abuse of discretion.*

Relief pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E. 2d 666, will only be granted in extraordinary circumstances revealing an abuse of discretion.

(No. 94-893—Submitted September 26, 1995—Decided January 24, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-398.

_____

{¶ 1} Appellant-claimant, Moses Pass, Jr., sustained two injuries in the course of and arising from his employment with C.S.T. Extraction Company. Appellant's 1974 workers' compensation claim, No. 74-463, has been allowed for "lumbosacral strain, chronic depression, and aggravation of pre-existing arthritis." His 1975 claim, No. 75-21438, has been recognized for "upper back, both arms, neck and low back."

{¶ 2} Claimant eventually moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. The Court of Appeals for Franklin County vacated the commission's initial order denying compensation because the order lacked the factual specificity required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Among the evidence before the commission at the second permanent total disability hearing was the report of Dr. Lee Howard, a psychologist. He found a five to ten percent permanent

psychological/psychiatric impairment that did not prevent claimant's return to his former position of employment as a hod carrier.

{¶ 3} Commission specialist Dr. D. D. Kackley listed the allowed conditions as "lumbosacral[ ] strain, chronic depression, aggravation of pre-existing arthritis" and the allowed claim number as 74-463. He concluded that claimant could not return to his former job, but could do light work. He assessed a twenty percent permanent partial impairment and, based on Dr. Howard's report, a twenty-four to twenty-eight percent combined effects permanent partial impairment.

{¶ 4} Dr. Walter A. Holbrook also performed a combined effects review for the commission. He assessed a seventy percent permanent partial impairment and felt that claimant could do "low stress sedentary work."

{¶ 5} A vocational assessment from John P. Kilcher was also on file. In an extensive report, he concluded that claimant's current nonmedical profile left claimant unemployable. In terms of potentially developable skills, Kilcher stated:

"I would fully concur with the rationale utilized by the Legal Section [of the Industrial Commission] of not referring the claimant to The Rehabilitation Division [of the Industrial Commission] based upon his age. A person of 63 years of age and having only completed the 7th grade of school, in my opinion, would not be a candidate for any form of rehabilitation program with a return to work goal. With the claimant's depressed state, some form of psychological therapy would be recommended, not with the goal of returning him back to work, but to assist the claimant in daily living activities. Another consideration in relation to rehabilitation services, would be Psychologist Howard's recommendation relating to the claimant's prescribed medication with addictive potential. This should be addressed to prevent any endangerment to the claimant which could potentially result."

**{¶ 6}** The commission denied claimant permanent total disability compensation, writing:

"The reports of Drs. [*sic*] Linder, Kilcher, Howard, Kackley, and Holbrook were reviewed and evaluated. The findings and order are based particularly upon the medical reports of Drs. Howard, Holbrook and Kackley, the evidence in the file and the evidence adduced at hearing.

"The claimant is 64 years old, has an 8th [*sic*] grade education, and has worked as a hod carrier and construction worker. Dr. Howard found the allowed psychiatric conditions to not be work-restrictive. Dr. Kackley indicates that claimant is still capable of light work and indicates the combined impairment to be only 28%. When considering only the allowed conditions, it appears that even with only an 8th grade education[,] the claimant would still have the ability to retrain to light work, which would still allow some manual labor. Further, he lives in a large metropolitan area which provides more job opportunities. Finally, Mr. Kilcher's vocational evaluation is based on the premise that claimant can only do low stress sedentary work. This does not seem to be the case based on Dr. Howard['s] and Dr. Kackley's reports. Therefore, Mr. Kilcher's report is not found to be persuasive. Based on these factors, permanent and total disability is denied."

**{¶ 7}** Reconsideration was denied.

**{¶ 8}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying permanent total disability compensation. The court of appeals denied the writ, finding that the order was supported by "some evidence" and satisfied *Noll, supra*.

**{¶ 9}** This cause is now before this court upon an appeal as of right.

———————————

*Barkan & Neff, L.P.A.,* and *David E. Pryor*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee.

**WRIGHT, J.**

{¶ 10} Two questions are presented: (1) Does the commission's order satisfy *Noll, supra*? and (2) Is claimant entitled to a writ of mandamus compelling permanent total disability compensation consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, if *Noll* has not been met? For the reasons to follow, we answer both questions in the negative.

{¶ 11} *Noll* directs the commission to prepare orders that "are fact-specific and which contain reasons explaining its decisions. *** Such order must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision." *Noll*, 57 Ohio St.3d at 206, 567 N.E.2d at 249.

{¶ 12} In this case, the order's explanation is deficient because it raises doubt as to whether all the allowed conditions were considered. Although the commission cited the report of Dr. Holbrook, denial was clearly premised on the reports of Drs. Howard and Kackley. Dr. Howard considered claimant's psychological condition. Dr. Kackley considered claimant's allowed physical conditions, but only in claimant's 1974 claim. The conditions arising out of claimant's 1975 claim, particularly "upper back," "both arms" and "neck," were apparently overlooked.

{¶ 13} Having, therefore, found *Noll* noncompliance, we turn to the question of appropriate relief. Upon review, we find that relief pursuant to *Gay* is inappropriate.

{¶ 14} *Gay* relief is clearly premature where there is doubt as to whether the commission considered all allowed conditions. *State ex rel. Jarrett v. Indus. Comm.* (1994), 69 Ohio St.3d 127, 630 N.E.2d 699; *State ex rel. Roy v. Indus. Comm.* (1995), 74 Ohio St.3d 259, 658 N.E.2d 293. A return for further consideration and

amended order is the proper remedy for such a defect, and that is our disposition here.

{¶ 15} Unfortunately, this case is but one of a skyrocketing number of cases in which *Gay* relief is sought, and this fact suggests a serious misunderstanding of our decision in *Gay*. We, therefore, take this opportunity to clarify *Gay* in several key respects.

{¶ 16} First, *Gay* did not abandon the "some evidence" rule articulated in *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. An order that is supported by "some evidence" will be upheld. It is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's.

{¶ 17} Second, *Gay* is not an occasion for *de novo* evidentiary review. *Gay* relief is mandamus relief, the standard for which, in extent of disability cases, is an abuse of discretion. *State ex rel. Rouch v. Eagle Tool & Machine Co.* (1986), 26 Ohio St.3d 197, 26 OBR 289, 498 N.E.2d 464. There is no abuse of discretion where there is "some evidence" in support.

{¶ 18} Third, *Gay* did *not* set aside our policy of deferring to the commission's expertise in disability matters. If, for example, the commission does not consider the claimant's age to be an obstacle to reemployment or retraining, and its reasoning is adequately explained, we will defer to its judgment. In the same vein, we will not depart from the principle that the commission *alone* is responsible for evaluating evidentiary weight and credibility. *Burley* at 20-21, 508 N.E.2d at 938. The commission's decision to find one medical report more persuasive than another, for example, will not be second-guessed.

{¶ 19} *Gay* relief was intended as a *narrow* exception to the general rule of returning *Noll*-deficient orders to the commission. Relief is to issue only in extraordinary circumstances, and we recognize, in retrospect, that some of our decisions in which *Gay* relief has been awarded may appear to have weakened these

standards. We, therefore, hold that *Gay* relief will be granted only in extraordinary circumstances revealing an abuse of discretion.

{¶ 20} We thus deny claimant's request for a full writ of mandamus pursuant to *Gay*. We instead issue a limited writ of mandamus vacating the commission's order and returning the cause to the commission for consideration of allowed conditions. This is to be followed by a reasoned and factually specific amended order as mandated by *Noll*.

{¶ 21} Accordingly, the judgment of the court of appeals is reversed and a limited writ is allowed consistent with this opinion.

*Judgment reversed*

*and limited writ allowed.*

MOYER, C.J., PFEIFER and COOK, JJ., concur

COOK, J., concurs separately.

DOUGLAS and F.E. SWEENEY, JJ., concur in judgment only.

RESNICK, J., dissents.

————————————

**COOK, J., concurring.**

{¶ 22} Dr. Holbrook's report could have served as the requisite "some evidence" supporting the denial of permanent total disability compensation in this case if the commission had referenced Dr. Holbrook's findings in its rationale. It did not do so, perhaps because Dr. Holbrook concluded in his combined effects review that this claimant was seventy percent permanently partially impaired with an ability to do "low stress sedentary work," as compared with the significantly lower percentage and the "light work" conclusion of Dr. Kackley. If Dr. Holbrook's conclusion had been reviewed in light of John Kilcher's vocational assessment, the commission's conclusion may have been different. As it happened, the commission devalued the vocational assessment of Kilcher for the reason that the assessment used Dr. Holbrook's conclusion as its premise.

6

**{¶ 23}** Without Dr. Holbrook's report, the deficiency of Dr. Kackley's report is fatal to compliance with the *Noll* requirements.

_____