DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Richard M. Shontz, commenced this original action requesting a writ of mandamus that compels respondent Industrial Commission of Ohio to vacate its order denying his request for surgery and to issue a new order authorizing the requested procedure.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate concluded that Dr. Lax provided a reason for repudiating his earlier report and concluding the requested surgery was not warranted. Moreover, she determined Dr. Ortega's report makes reasonably clear that he believed the requested surgery was not appropriate for treatment of the allowed conditions. Accordingly, the magistrate determined the commission was within its discretion to deny authorization for the requested surgery.
 {¶ 3} Relator has filed objections to the magistrate's conclusions of law, rearguing those matters adequately addressed in the decision. For the reasons the magistrate stated, the objections are overruled.
 {¶ 4} Specifically, relator continues to urge that the commission should have relied on the September 2002 report of Dr. Lax, not his October 2002 report. In particular, relator points to that portion of Dr. Lax's September report that opines surgery was appropriate for a diagnosis of cervical spondylosis, one of relator's allowed conditions. As the magistrate, however, appropriately noted, the report failed to properly list the allowed conditions, wrongly including C4-5 disc displacement. The commission reasonably could conclude the September report of Dr. Lax found surgery to be appropriate for cervical spondylosis only in the context of the C4-5 disc displacement. When the allowed conditions were properly stated in the October 2002 report, Dr. Lax opined that the proposed surgery was "not reasonably related to the injury. The Industrial Commission has disallowed the patient's C4-5 disc herniation. Surgery is not indicated for simple spondylosis." (Dr. Lax's October 2002 Report, 1.)
 {¶ 5} In addition, relator continues to contend that the report of Dr. Ortega is not clear about the need for the requested surgery in connection with the allowed conditions. Contrary to relator's objections, however, Dr. Ortega specifically opined that "the C-9 dated 9/27/02 requesting cervical myelogram followed by CT and cervical diskectomy with plates screws would not be appropriate." (Dr. Ortega's November 2002 Report, 1.)
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled, writ denied.
Lazarus, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Richard M. Shontz, : Relator, : v. : No. 03AP-726 Industrial Commission of Ohio : (REGULAR CALENDAR) and Denman Tire Corporation, Respondents.
 MAGISTRATE'S DECISION Rendered on December 24, 2003 IN MANDAMUS {¶ 7} In this original action in mandamus, relator, Richard M. Shontz, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying his request for surgery and to issue a new order authorizing the requested procedure.
 Findings of Fact {¶ 8} 1. In July 2001, Richard M. Shontz ("claimant") sustained an industrial injury, and his workers' compensation claim was allowed for a bruise and burn on the right forearm and a sprain of the right shoulder.
 {¶ 9} 2. In January 2002, claimant filed a motion to have his claim amended to add five conditions. In May 2002, a staff hearing officer ("SHO") allowed the claim for two conditions: right rotator cuff tear and aggravation of pre-existing spondylosis without myelopathy at C5 through C7.
 {¶ 10} The SHO disallowed two conditions: aggravation of pre-existing disc displacement at C4-5 and aggravation of pre-existing stenosis at C5 through C7. The SHO dismissed the request to allow aggravation of pre-existing brachial neuritis and radiculitis. Further administrative appeal was refused, and claimant appealed the disallowances to the common pleas court, where that issue is currently pending.
 {¶ 11} 3. In May 2002, claimant's physician, Brian P. Brocker, completed a C-9 form requesting authorization for surgery described as "anterior cervical diskectomy fusion C4-7[,] 3 level with plates screws." However, Dr. Brocker did not list a treating diagnosis nor state the expected dates of service.
 {¶ 12} 4. The employer's managed care organization ("MCO") denied this request for surgery.
 {¶ 13} 5. On September 4, 2002, claimant filed a motion requesting that his claim be amended to include two additional conditions: stenosis at C5-6 and disc herniation at C4-5. According to the parties, this motion is still pending administratively.
 {¶ 14} 6. In September 2002, a file review was performed by Fredric Lax, M.D., who stated among other things that the condition of "disc displacement at C4-5" had been allowed. However, that condition had been disallowed.
 {¶ 15} 7. In October 2002, Dr. Lax provided a new review of the file, indicating that the condition of "disc displacement at C4-5" was not allowed in the claim. He correctly listed the allowed and disallowed conditions. Dr. Lax opined that the requested treatment does not meet the Miller criteria. (SeeState ex rel. Miller v. Indus. Comm. [1994], 71 Ohio St.3d 229,232.) He stated that, first, the services are not reasonably related to the injury, explaining that the commission had disallowed the C4-5 disc herniation. Dr. Lax stated that surgery "is not indicated for simple spondylosis." Second, he stated that the requested services are not reasonably necessary for the same reason. Third, he opined that the cost was not reasonable because the surgery was not reasonably related to the allowed conditions.
 {¶ 16} 8. In October 2002, the Ohio Bureau of Workers' Compensation ("BWC") denied the C-9 request for surgery based on the October 1, 2002 report of Dr. Lax:
BWC finds the requested therapy does not meet the Miller criteria. The services are not reasonably related to the injury. The Industrial Commission has disallowed the patient's C4-5 disc herniation. Surgery is not indicated for simple spondy-losis. The requested services are not reasonably necessary for treatment of this patient for the same reason.
Claimant appealed.
 {¶ 17} 9. In November 2002, a file review was performed by Ben D. Ortega, M.D., who opined that a "cervical myelogram followed by CT and cervical diskectomy with plates screws would not be appropriate." He opined among other things that the services were not reasonably related to or necessitated by the allowed conditions.
 {¶ 18} 10. In December 2002, a district hearing officer ("DHO") affirmed the BWC denial of the C-9 request for surgery, based on claimant's failure to present medical evidence to establish that the surgery was necessary to treat an allowed condition, in that Dr. Brocker's C-9 report contained no treating diagnosis. The DHO also relied on Dr. Lax's October 2002 report.
 {¶ 19} 11. In January 2003, the commission authorized a cervical myelogram.
 {¶ 20} 12. Claimant appealed, and in April 2003, an SHO affirmed the denial of authorization for surgery, concluding that a discectomy at levels C4 through C7 was not medically indicated for the treatment of the conditions allowed in the claim. The SHO relied on the October 2002 report of Dr. Lax and on Dr. Ortega's report. Further appeal was refused.
 Conclusions of Law {¶ 21} In this original action, claimant contends that the commission abused its discretion in denying the requested surgery. As explained more fully below, the magistrate finds no abuse of discretion and recommends denial of the requested writ.
 {¶ 22} Various judicial decisions have set forth the applicable standards for authorizing treatment for an industrial injury. Essentially, the claimant must establish that the medical treatment is reasonably necessary for treatment of the allowed condition. See, e.g., Miller, supra.
 {¶ 23} The issue in mandamus is not whether there was credible evidence to support the claimant's request for surgery. Rather, the issue is whether the commission cited "some evidence" to support its decision. Review in mandamus is limited, as the court must leave undisturbed an order supported by "some evidence," regardless of whether the record includes other evidence, greater in quantity and/or quality, that supports the contrary decision. State ex rel. Pass v. C.S.T. Extraction Co.
(1996), 74 Ohio St.3d 373, 376. Further, the commission has no legal duty to list or discuss the evidence that it rejected.State ex rel. Bell v. Indus. Comm. (1995), 72 Ohio St.3d 575;State ex rel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250.
 {¶ 24} Claimant argues that the opinions of Drs. Lax and Ortega cannot constitute "some evidence" on which the commission may rely because their reports are equivocal and ambiguous. SeeState ex rel. Eberhardt v. Flxible Corp. (1994),70 Ohio St.3d 649; State ex rel. Chrysler Corp. v. Indus. Comm. (1998),81 Ohio St.3d 158. Specifically, claimant argues that Dr. Lax gave no reason for repudiating his earlier report. However, that argument is not well taken. Dr. Lax's second report indicates the reason for issuing a new report because, in the list of allowed conditions, the second report sets forth a corrected list in the heading.
 {¶ 25} With respect to Dr. Ortega, claimant argues that his opinion is unclear because he stated that surgery "is usually not indicated for simple cervical spondylosis." Claimant contends that this statement is fatally ambiguous because Dr. Ortega stated only that surgery is not usually indicated and did not state that surgery is never indicated for the condition. Further, claimant argues that the report must be removed from evidentiary consideration because Dr. Ortega did not state within the requisite degree of medical certainty that the surgery was definitely not necessary in the present case. The magistrate disagrees. Dr. Ortega's report makes reasonably clear that he believed that the requested surgery had not been shown to be medically necessary for treatment of the allowed conditions.
 {¶ 26} Claimant also argues that the commission should not have ignored Dr. Lax's earlier report because the first report was not influenced by the misidentification of the allowed conditions. However, the commission did not state a ruling that the earlier report must be removed entirely from evidentiary consideration; rather, the commission merely stated that it chose to rely on Dr. Lax's October 2002 report. As the finder of fact, the commission had discretion to rely on the report or reports it found more persuasive. E.g., Bell, supra; State ex rel. Teecev. Indus. Comm. (1981), 68 Ohio St.2d 165; State ex rel. Burleyv. Coil Packing, Inc. (1987), 31 Ohio St.3d 18.
 {¶ 27} Further, claimant's emphasis on the report of Mark L. Stabile, D.O., does not advance his cause in mandamus. Dr. Stabile rendered an opinion as to temporary total disability and did not address whether the proposed surgery was reasonably necessary to treat an allowed condition. The fact that Dr. Stabile recommend approval of a myelogram as a diagnostic tool is not probative on the issue of whether the requested surgery was necessary.
 {¶ 28} Last, the commission was within its discretion to deny authorization for surgery due to claimant's failure to meet his burden of proof, based on the crucial omissions in the request filed by his treating physician.
 {¶ 29} For the foregoing reasons, the magistrate recommends denial of the requested writ of mandamus.