DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Glenna L. Starkey, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her application for permanent total disability compensation and to enter an order granting said compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator had failed to establish that the commission had abused its discretion and that this court should deny the requested relief.
 {¶ 3} Relator filed objections to the decision of the magistrate stating only that the magistrate failed "to properly address the key issue regarding proper vocational evidence." Finding that the magistrate has properly addressed that and other issues, we overrule the objections for the reasons stated in the decision of the magistrate.
 {¶ 4} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, the requested writ is denied.
Objections overruled; writ denied.
Bryant and Petree, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Glenna L. Starkey, : Relator, : v. : No. 03AP-1040 Medina Medical Investors, Ltd. : (REGULAR CALENDAR) and Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on March 23, 2004 Weltman, Regas Haag, Ltd., and John S. Regas, for relator.
Jim Petro, Attorney General, and Paul H. Tonks, for respondent Industrial Commission of Ohio.
IN MANDAMUS.
 {¶ 5} Relator, Glenna L. Starkey, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") compensation and asking this court to order the commission to find that she is entitled to those benefits.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on March 16, 1963, and her claim has been allowed for: "lumbar strain/sprain; disc displacement at L4-5 and L5-S1. Aggravation of pre-existing degenerative disc disease at L4-5 and L5-S1."
 {¶ 7} 2. On May 30, 2002, relator filed an application for PTD compensation. Relator indicated that she was 49 years old, had graduated from high school, could read, write, and perform basic math well, and her work history included employment as a nurse's aid and a general laborer.
 {¶ 8} 3. Relator submitted two reports from her treating physician Leonard Torok, M.D. On February 12, 2002, Dr. Torok indicated as follows:
I have been taking care of Glenna Starkey for her degenerative disc disease since 1994, during which time she has progressed to a permanent and total disability without any significant hope of being rehabilitated or corrected. She is not able to do sedentary type of work at this time, even though she has no training or education that would prepare her for this kind of work. She certainly would not be able to do the more physical work that she has done in the past or is able to do. She has progressed to significant chronic degenerative disc disease with sciatica that has been unresponsive to surgical and conservative care over many months. There are no further treatment or options at this point that are reasonable as far as correcting or relieving her problems. I would consider this to be a permanent and total disability.
 {¶ 9} 4. On April 30, 2002, Dr. Torok indicated that relator is permanently and totally disabled as a result of the allowed conditions in her claim.
 {¶ 10} 5. Relator was examined by Paul T. Scheatzle, D.O., who issued a report dated January 17, 2003. Dr. Scheatzle indicated that relator's allowed conditions had reached maximum medical improvement and he assessed a five percent whole person impairment arising from the allowed conditions. Dr. Scheatzle completed a physical strength rating form and indicated that relator was capable of performing sedentary work.
 {¶ 11} 6. Relator submitted a vocational report prepared by Mark A. Anderson who concluded that, due to her pain, poor manual dexterity abilities in regard to the Purdue Pegboard test, her fifth grade level placement in the SRA math aptitude test and her first percentile placement in the SRA clerical aptitude test combined to cause claimant to have no return to work potential.
 {¶ 12} 7. An employability assessment report was prepared by Deborah Lee and dated February 17, 2003. Based upon the medical report of Dr. Scheatzle, Ms. Lee opined that relator could immediately perform the following employment options:
* * * Telephone Solicitor
Appointment Clerk
Order Clerk, Food Bev.
Ticket Seller
 {¶ 13} Following computer literacy and keyboarding training, Ms. Lee opined that relator could perform the following additional employment options:
* * * Receptionists
Order Clerks
General Office Clerks
Data Entry Clerks
Unit Clerk
Hospital Admitting Clerk
 {¶ 14} Ms. Lee concluded that relator's age of 50 would not impact on her ability to perform basic work demands, that her high school education was sufficient to meet basic work demands of entry-level work, and that her prior work history did not provide her with skills which would transfer to other occupations within her current functional abilities; however, the additional computer skills and basic keyboarding skills would greatly enhance her options for work within sedentary work restrictions. Based upon relator's high school diploma, Ms. Lee indicated that she would have the capacity to acquire skills through short-term vocational training.
 {¶ 15} 8. Relator's application was heard before a staff hearing officer ("SHO") on June 10, 2003, and resulted in an order denying her request. The SHO relied upon the medical report of Dr. Scheatzle and concluded that relator could engage in sedentary employment. The SHO then evaluated the vocational factors as well as relied upon the vocational report of Ms. Lee and noted as follows:
Claimant is fifty-one years of age and is classified as a person of middle age. The Staff Hearing Officer finds claimant's age is not expected to impact on her ability to perform basic work demands. Also, the Staff Hearing Officer finds claimant's age would not prevent claimant from engaging in a short retraining course or on-the-job training.
Claimant's education is a positive factor favoring re-employment. Claimant is a high school graduate. Possession of a high school diploma is an asset in the work force. This achievement evidences claimant's mental acumen to perform tasks associated with entry-level jobs. Moreover, claimant indicated on the IC-2 Application that she can read, write, and do basic math. These skills are helpful in performing entry-level work. Ms. Lee indicates claimant's education is sufficient to meet basic demands of entry-level work.
Claimant has worked semi-skilled jobs. Claimant has worked as a Nurse's Assistant and also a short-order cook preparing food. Ms. Lee indicates claimant has demonstrated numerous temperaments in her work history including: performing repetitive work; changing tasks often; working with people; and working under stress.
Although Ms. Lee indicates claimant's history of semi-skilled work does not provide immediate transfer of skills to other occupations, the evidence suggests claimant has the capacity to acquire these skills. Ms. Lee relies upon claimant's completion of high school and finds this suggests the capacity to acquire skills through a short-term training program. Ms. Lee further suggests claimant is a good candidate for short-term skill enhancement. The Staff Hearing Officer relies upon Ms. Lee's conclusion and finds that [t]his conclusion is supported by claimant's education level.
The Staff Hearing Officer notes that Ms. Lee reviewed Dr. Scheatzle's findings and found a host of jobs claimant can perform, including: telephone solicitor, appointment clerk; order clerk, food and beverage; and ticket seller. Ms. Lee also lists numerous clerk positions claimant could perform after a training course that has been found to be reasonable in this claim.
The Staff Hearing Officer relies upon Ms. Lee's conclusion and finds claimant retains the ability to perform the sedentary jobs listed above or be reasonably trained to perform a clerk job.
Based on the above listed physical capacities and non-medical disability factors, this Hearing Officer finds that the claimant's disability is not total, and that the claimant is capable of engaging in sustained remunerative employment, or being retrained to engage in sustained remunerative employment. Therefore, the claimant's request for an award of Permanent Total Disability benefits is denied.
 {¶ 16} 9. Relator filed a motion for reconsideration which was denied by order of the commission mailed August 16, 2003.
 {¶ 17} 10. Thereafter, relator, Glenna L. Starkey, filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 19} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 20} In this mandamus action, relator raises three arguments: (1) Dr. Scheatzle's routine physical exam was not specifically designed to make physical vocational determinations and the commission abused its discretion by relying on this report; (2) there was superior medical evidence upon which the commission should have relied in the form of the evidence of relator's treating physician; and (3) the commission's conclusion that relator has the ability to retrain is not supported by the evidence and the vocational evidence relied upon by the commission is inferior to the evidence submitted by relator. For the reasons that follow, this magistrate finds that relator's arguments are not well-taken.
 {¶ 21} Relator's first and second arguments are interrelated and will be addressed together. Relator contends that the commission abused its discretion by not relying upon the report of her treating physician, Dr. Torok, especially in light of relator's assertion that Dr. Scheatzle's routine physical examination was inadequate. First, in State ex rel. Bell v.Indus. Comm. (1995), 72 Ohio St.3d 575, the Ohio Supreme Court rejected the assertion that a treating physician's report is entitled to enhanced weight; instead, the court noted that, pursuant to State ex rel. Burley v. Coil Packing, Inc. (1987),31 Ohio St.3d 18, the commission has exclusive authority to evaluate evidentiary weight and credibility. Furthermore, relator does not raise any specific challenges to the report of Dr. Scheatzle. Instead, relator merely argues that a routine physical examination is too cursory in nature to permit a physician to render an opinion which is valid. Upon review of Dr. Scheatzle's report, this magistrate notes that Dr. Scheatzle made numerous physical objective findings upon which he based his opinion that relator could perform some sedentary work. As such, the magistrate finds that Dr. Scheatzle's report does constitute some evidence upon which the commission could rely. The first two arguments of relator are not well-taken.
 {¶ 22} Relator also contends that the commission abused its discretion by finding that she had the ability to retrain as that is not supported by the evidence. Specifically, relator points out the test administered by her vocational expert Mr. Anderson, and asserts that the report of Mr. Anderson should have been relied upon to the exclusion of Ms. Lee.
 {¶ 23} Pursuant to State ex rel. Jackson v. Indus. Comm.
(1997), 79 Ohio St.3d 266, the commission has the discretion to accept one vocational report while rejecting another vocational report. As the court noted, the commission may credit vocational evidence, however, expert opinion is not critical or even necessary because the commission itself is the expert on this issue. To bind the commission to rehabilitation reports conclusions makes the rehabilitation division, and not the commission, the ultimate evaluator of disability, contrary toStephenson, supra. State ex rel. Singleton v. Indus. Comm.
(1994), 71 Ohio St.3d 117.
 {¶ 24} In concluding that claimant had the ability to acquire skills through short-term training, the commission noted that claimant's prior work history did not provide her with skills that would be immediately transferable to other occupations; however, based upon her high school education and the vocational report of Ms. Lee, the commission concluded that relator is a good candidate for short-term skill enhancement. As such, this magistrate finds that the commission's determination that relator could benefit from short-term skill enhancement is supported by the record.
 {¶ 25} As such, relator's contention that the commission should have relied upon her vocational evidence and relator's contention that the commission's determination is not supported by the record are found to lack merit.
 {¶ 26} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation and this court should deny relator's request for a writ of mandamus.
 /s/: Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE