DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Mid West Fabricating Company, commenced this original action in mandamus requesting this court to issue a writ ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting compensation for temporary total disability ("TTD"), and to issue a new order.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issue a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate found that there was some evidence to support the commission's determination. The magistrate noted that there were several medical opinions in the record indicating that the claimant's symptoms and disability in 2002 were caused by an exacerbation of the allowed conditions in the claim. Therefore, the magistrate has recommended that this court deny the requested writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision. Relator first argues that the magistrate erred by relying upon medical reports not cited by the commission. We disagree. The magistrate did not rely upon these reports in reviewing the commission's decision. Rather, these reports were part of the record and the magistrate simply noted them in her findings of fact.
 {¶ 4} Relator next argues that the magistrate erred by requiring relator to prove a new injurious event. Again, we disagree. The magistrate simply reviewed the record to determine if there was some evidence to support the commission's decision. The commission had before it some evidence that there was no new injury. That evidence was sufficient to support the commission's determination.
 {¶ 5} Relator further argues that the magistrate erred in permitting the commission to re-write the diagnosis of claimant's injury. Relator points to an emergency room diagnosis of back sprain. However, an emergency room diagnosis is just a preliminary diagnosis. Based upon subsequent testing, there was some evidence indicating that the cause of claimant's symptoms and disability was an exacerbation of the allowed conditions in the claim. This evidence is sufficient to support the commission's decision.
 {¶ 6} Last, relator argues in its fourth and fifth objections that the magistrate erred in ruling there was some evidence to support the commission's award of TTD. For the reasons previously cited, we disagree. The record reflects medical evidence supporting the commission's conclusion that claimant's symptoms and disability in 2002 were caused by an exacerbation of the allowed conditions in the claim. Therefore, there is some evidence supporting the commission's award of TTD. In essence, relator wants this court to substitute its judgment for that of the commission in evaluating the evidence presented. That is not our role in mandamus.
 {¶ 7} Following an independent review pursuant to Civ.R. 53(C), we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Brown and McCormac, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Mid West Fabricating, Co., : Relator, : v. : No. 03AP-997 The Industrial Commission of Ohio : (REGULAR CALENDAR) and David Hanna, : Respondents. :
 MAGISTRATE'S DECISION Rendered on February 25, 2004 Sara L. Rose, LLC, and Sara L. Rose, for relator.
Jim Petro, Attorney General, and Thomas L. Reitz, for respondent Industrial Commission of Ohio.
Connor Behal LLP, Kenneth S. Hafenstein, Lori M. DiRenzo
and Daniel D. Connor, for respondent David Hanna.
 IN MANDAMUS {¶ 8} In this original action in mandamus, relator, Mid West Fabricating Company, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order granting compensation for temporary total disability ("TTD"), and to issue a new order.
Findings of Fact:
 {¶ 9} 1. In August 2000, David Hanna ("claimant") sustained an industrial injury. His workers' compensation claim was allowed for an L5-S1 disc herniation and right sciatica.
 {¶ 10} 2. In October or November 2000, claimant underwent surgery in regard to an extruded fragment of disc material compromising the nerve roots at L5-S1. In February 2001, the surgeon noted that claimant was doing well despite complaints of pain and opined that he could return to light duty work.
 {¶ 11} 3. On May 30, 2002, claimant visited an emergency room complaining of back pain, and the diagnosis was a back strain.
 {¶ 12} 4. Claimant did not work from May 30 to June 30, 2002.
 {¶ 13} 5. On June 1, 2002, claimant went to First Medical Urgent Care Centre with lumbar pain radiating into the right leg and foot. The leg-raising test and LeSeque sign were both positive. William Fiorini, M.D., noted claimant's report that, after back surgery in 2000, he experienced pain but continued to work. Dr. Fiorini diagnosed sciatica associated with the prior L5-S1 disc herniation and concluded that the pain was caused by an exacerbation of the August 2000 work injury.
 {¶ 14} 6. On June 20, 2002, claimant was examined by David J. Wyatt, M.D., an orthopedic surgeon, who noted paresthesias of the side of the right foot, consistent with S1 radiculopathy. The leg-raising test was positive on both sides.
 {¶ 15} 7. On June 21, 2002, claimant visited the First Medical Urgent Care Centre with increased pain. Dr. Darnell certified TTD in the workers' compensation claim from May 30 through June 30, 2002, based on "724.3" (a code referring to sciatica) and "722.10" (a code referring to displacement or rupture of a disc in the lumbar area).
 {¶ 16} 8. On June 30, 2002, claimant returned to work.
 {¶ 17} 9. The record includes numerous additional medical reports. For example, on July 16, 2002, an MRI revealed a moderate herniation at L5-S1.
 {¶ 18} 10. On November 8, 2002, Frank J. Meszaros, M.D., observed an S1 distribution of pain and recommended epidural injections at S1 and L5.
 {¶ 19} 11. In November 2002, a district hearing officer ("DHO") granted TTD:
District Hearing Officer finds that the injured worker suffered an exacerbation of the allowed conditions in the claim which rendered him temporarily and totally disabled beginning 05/30/2002. The medical evidence on file documents an increase in the injured worker's right leg pain related to the allowed L5-S1 disc herniation.
The award of temporary total disability compensation is based on the first Medical Urgent and Family Care Centre reports dated 06/01/2002, 06/06/2002, 06/21/2002, 06/29/2002 and 07/27/2002, the 06/20/2002 report from Dr. Wyatt, C-84 dated 06/21/2002 and the 05/30/2002 report from Fairfield Medical Center.
The employer's request to find an intervening injury is denied. District Hearing Officer finds that there is insufficient medical evidence to establish that the injured worker sustained any new or intervening injury on or about 05/30/2002. Based on all of the above cited medical records, the overwhelming conclusion by the various physicians who examined the injured worker from 05/30/2002 and forward, is that he had an increase of right leg pain related to the allowed L5-S1 disc herniation condition. The injured worker denied any new injury. Furthermore, there is no medical evidence which concludes that the injured worker's recent increase of symptoms represents a new or intervening injury. As such, temporary total compensation shall be paid as ordered above.
 {¶ 20} 12. On January 6, 2003, an examination report was provided by John W. Cunningham, M.D., who "could detect no history or medical record evidence of an intervening injury." However, he noted that low back pain and lower extremity symptoms can occur spontaneously or as the result of normal activities of daily living.
 {¶ 21} 13. On January 8, 2003, a staff hearing officer affirmed:
Temporary total compensation remains correctly ordered paid for the requested closed period of 05/30/2002 through 06/29/2002. The injured worker indicated that he returned to work on 06/30/2002.
There was not an intervening non industrial intervening injury on or about 05/29/2002. The injured worker had a work related flare-up of his allowed industrial injury.
All evidence was considered. This order is based on the reports of Dr(s). Wyatt, Fiorini, and Fairfield Medical Center.
14. Further appeal was refused.
Conclusions of Law:
 {¶ 22} In this action, the employer challenges two findings made by the commission: that claimant's disability from May 30 until June 30, 2002 was caused by allowed conditions in the claim, and that no intervening and superseding injury occurred.
 {¶ 23} The magistrate recognizes the principle that the commission may award benefits for an exacerbation of an allowed condition but may not approve benefits when disability is caused by a new injurious event that constitutes a superseding injury such that impairment cannot be attributed to the conditions allowed in the existing claim. Thus, the magistrate accepts the legal theory presented by the employer. However, the employer has not met its burden in mandamus of proving that the commission's findings of fact were unsupported by some evidence in the record.
 {¶ 24} The record includes several medical opinions stating that claimant's symptoms and disability in 2002 were caused by an exacerbation of his August 2000 injury. The commission relied on these medical opinions in concluding that the period of disability was attributable to the allowed conditions in the claim, and it therefore cited "some evidence" to support that determination.
 {¶ 25} The magistrate finds no abuse of discretion in the commission's reliance on the medical reports listed in the order. Although the employer points to the initial emergency-room diagnosis of "back strain," the commission had no legal duty to rely on that report or to interpret it in the manner proposed by the employer. State ex rel. Bell v. Indus. Comm. (1995),72 Ohio St.3d 575; State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165; State ex rel. Burley v. Coil Packing, Inc.
(1987), 31 Ohio St.3d 18. The brief diagnosis of back strain did not distinguish between an exacerbation of a pre-existing condition or the occurrence of an intervening and superseding event, and the employer presented no expert opinion that a new, superseding, injurious event occurred and caused TTD.
 {¶ 26} The employer also relies on the July 2002 MRI that showed a herniated disc, arguing that this shows a new and different herniation than the one allowed in the claim. However, the commission was not required to accept that argument.
 {¶ 27} The role of the court in mandamus is limited. An order supported by "some evidence" must be upheld regardless of whether the record includes other evidence, greater in quantity and/or quality, that supports the contrary decision. State ex rel. Passv. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373, 376. Here, the commission found claimant's medical evidence to be convincing, which was within its discretion.
 {¶ 28} Based on the foregoing, the magistrate concludes that the court should deny the requested writ.
 P.A. Davidson
P.A. DAVIDSON MAGISTRATE