DECISION
{¶ 1} Allied Holdings, Inc., filed this action in mandamus, seeking a writ to compel the Industrial Commission of Ohio to vacate its award of permanent total disability compensation to James A. Bristo. *Page 2 
 {¶ 2} In accord with Loc. R. 12, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we deny the requested writ.
 {¶ 3} No party has filed objections to the magistrate's decision. The case is now before the court for review.
 {¶ 4} No error of law or fact is present on the face of the magistrate's decision. We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we deny the requested writ of mandamus.
Writ of mandamus denied.
 McGRATH, P.J., and SADLER, J., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on August 29, 2008 IN MANDAMUS {¶ 5} Relator, Allied Holdings, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded permanent total disability ("PTD") *Page 4 
compensation to respondent James A. Bristo ("claimant") and ordering the commission to find that claimant is not entitled to that compensation.
Findings of Fact: {¶ 6} 1. Claimant has sustained two work-related injuries and his claims have been allowed for:
 04-889865: closed head injury with subarachnoid bleed; concussion; scalp laceration; fracture of zygomatic arch; fracture of left patella.
 02-873881: sacroiliac strain.
 {¶ 7} 2. The second injury occurred in December 2004.
 {¶ 8} 3. Claimant received temporary total disability compensation from the date of injury until July 13, 2006, at which time his treating physician, Michael J. Pedoto, M.D., found that he had reached maximum medical improvement ("MMI").
 {¶ 9} 4. In a report dated July 28, 2006, Dr. Pedoto indicated that as a result of his ongoing deficits physically and cognitively, claimant was unable to return to work as a truck driver. Dr. Pedoto indicated that claimant has significant difficulties with manual dexterity and strength in his hands which would limit his ability to perform physical jobs and that he would likewise have difficulty performing high level cognitive jobs as a result of his head injury. Dr. Pedoto noted that claimant had the following limitations:
 * * * Regarding limitations he needs to avoid any unprotected heights or ladders, dangerous equipment or any repetitive grasping and releasing with the hands. He should be able to lift 5-10lbs. frequently and 15-20lbs. occasionally. He should avoid frequent bending, twisting. He will need to avoid crawling, ladders or frequent overhead activity. He should be able to sit for 6-8 hours a day with breaks to change position and stand and walk 1-2 hours a day with breaks to change position. * * * *Page 5 
 {¶ 10} Dr. Pedoto opined that claimant was unable to return to sustained remunerative employment.
 {¶ 11} 5. Claimant filed an application for PTD compensation on September 15, 2006. At the time, claimant was 66 years old. Pursuant to his application and the statement of facts prepared by the commission, claimant had completed the seventh grade in 1957 and did not obtain a GED. At the time he left school, claimant joined the Navy. Claimant indicated that he did not have any special schooling or training of any type. He indicated he could read, but with regards to writing and performing basic math he did not do these well. Claimant indicated that he did not participate in any rehabilitation. Claimant's work history is as a car hauler. In that capacity, claimant loaded, delivered and unloaded new cars.
 {¶ 12} 6. Thereafter, claimant was examined by James B. Hoover, M.D., at the request of the commission. After noting his findings upon examination, Dr. Hoover opined that claimant had reached MMI and assessed a 17 percent whole person impairment for all of his allowed conditions. Dr. Hoover indicated that claimant would be able to perform work at a sedentary level.
 {¶ 13} 7. Relator submitted two reports from Robert P. Granacher, Jr., M.D. Dr. Granacher had examined claimant in August 2005. Dr. Granacher authored two reports, the first dated August 31, 2005 and the second dated April 24, 2007. Dr. Granacher stated that claimant has a mild traumatic brain injury, assessed a 14 percent impairment and noted that the only restriction claimant would have is to not work at heights. *Page 6 
 {¶ 14} 8. Claimant was also examined by John B. Kelly, M.D., who authored reports dated March 1, 2006 and May 20, 2007. Dr. Kelly opined that claimant had reached MMI and assessed a 20 percent whole person impairment. With regards to restrictions, Dr. Kelly stated that claimant may have some difficulties with certain cognitive tasks such a mathematical problems; however, he opined that his deficits were relatively mild and could be compensated for.
 {¶ 15} 9. A vocational assessment was prepared by William T. Cody. Cody noted that claimant's work experience was at the medium level of physical demand and that claimant had acquired skills that would transfer to light level driving jobs. Cody stated that claimant lacked any experience or skills which would transfer to sedentary work. As such, Cody noted that only unskilled sedentary positions could even be considered. Mr. Cody opined that claimant would be unable to adapt to new kinds of work activity because he is 66 years of age, has a limited seventh grade education, has a restricted work history, and has significant physical impairments. Cody opined that this would hold true even for unskilled work. Cody opined that there are no jobs in the local or national economies that claimant would be able to perform and that he was an inappropriate candidate for vocational rehabilitation.
 {¶ 16} 10. Claimant's application for PTD compensation was heard before a staff hearing officer ("SHO") on August 29, 2007 and was granted. The SHO specifically relied on the medical report of Dr. Hoover and concluded that claimant was capable of performing work that is sedentary in nature. Thereafter, the SHO analyzed the nonmedical disability factors as follows: *Page 7 
 The injured worker submitted a vocational assessment from William T. Cody in support of his application. Mr. Cody evaluated the injured worker's prior work history and determined that his car hauler position was a semiskilled job performed at the medium level of physical demand. Mr. Cody indicated that the injured worker possessed driving skills as a result of this prior work which would transfer to light level driving jobs.
 The Staff Hearing Officer finds that the injured worker's age of 67 years is a negative factor to be evaluated when considering the injured worker's ability to return to sedentary employment. The injured worker's age would make it more difficult for the injured worker to compete with younger workers for entry level sedentary employment. The Staff Hearing Officer further finds that the injured worker's education level of seventh grade with no GED is not a positive factor when considering the injured worker's ability to obtain and return to sedentary employment. On the Permanent and Total Disability Application, the injured worker indicated that he was able to read. The injured worker further indicated that he was not able to write well or to perform basic math skills well. The Hearing Officer finds that the injured worker's demonstrated level of education would be a detriment to his ability to compete for sedentary employment. Finally, the Staff Hearing Officer finds that the injured worker's prior work history is not a positive factor when evaluating his ability to obtain sedentary employment. The injured worker has demonstrated the ability to remain employed with an employer for a long period of time. However, the injured worker does not possess transferable skills as a result of his previous employment which would transfer to entry level, sedentary work. The injured worker's prior history involved driving. The injured worker has no experience in any other type of employment which would transfer to sedentary work activity.
 Based upon the injured worker's age of 67 years, his limited education level and his ability to return to sedentary work activity only, the Staff Hearing Officer finds that the injured worker is permanently and totally disabled and is unable to perform sustained remunerative employment activities. The Staff Hearing Officer hereby orders that the Application for Permanent and Total Disability filed on 09/07/2006 be granted. *Page 8 
 {¶ 17} 11. Relator's request for reconsideration was denied by order of the commission mailed October 18, 2007.
 {¶ 18} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 20} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State exrel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work *Page 9 
is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 21} In this mandamus action, relator argues that the commission abused its discretion in two respects: (1) the commission failed to consider all the medical evidence in the record, and (2) although the commission considered claimant's age, education, and prior work history, the commission ignored claimant's extensive driving skills and experience and that there is "an entire class of light driving jobs that Bristo is capable of doing." (Relator's brief, at 6.)
 {¶ 22} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.
 {¶ 23} First, the commission is not required to list all the evidence which was considered. The commission is only required to list, in its order, the medical reports upon which the commission relied. State exrel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481.
 {¶ 24} In the present case, the commission indicated that the report of Dr. Hoover was relied on. Further, the commission is not required to explain why it finds one report to be more persuasive than another. SeeState ex rel. Bell v. Indus. Comm. (1995), 72 Ohio St.3d 575. In the present case, the commission complied with the requirements and there is no indication that any of the medical evidence was ignored. This argument of relator is not well taken. *Page 10 
 {¶ 25} Relator also contends that the commission failed to consider that claimant has extensive driving experience. In the commission's order, the SHO noted that claimant's experience is as a truck driver and that he has performed this job for almost 30 years. The SHO cited the vocational report of Cody and agreed that claimant's prior work history provided him with skills which would transfer to light level driving jobs. However, the commission determined that claimant was capable of only performing work at a sedentary level. As such, relator's argument that the commission ignored "an entire class of light driving jobs," does not support a finding that the commission abused its discretion. (Relator's brief, at 6.) Claimant was not capable of performing light-duty work, he was only capable of performing sedentary work. As such, this argument of relator is likewise not well taken.
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in granting claimant's application for PTD compensation and this court should deny relator's request for a writ of mandamus.
 *Page 1