**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 575.]**

THE STATE EX REL. BELL, APPELLANT AND CROSS-APPELLEE, V. INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Bell v. Indus. Comm.*, 1995-Ohio-121.]

*Workers' compensation—Application for permanent total disability compensation—Claim returned to Industrial Commission, when.*

(No. 93-2619—Submitted May 9, 1995—Decided July 26, 1995.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No. 93AP-83.

————————————

{¶ 1} Appellant and cross-appellee, Robert F. Bell ("claimant"), was injured in 1976 during the course of and arising from his employment as a bus driver for SORTA-Metro Operating Division. Claimant's workers' compensation claim has been allowed for both physical and psychiatric conditions.

{¶ 2} In 1989, claimant moved appellee and cross-appellant, Industrial Commission of Ohio, for permanent total disability compensation. Among the numerous medical reports before the commission, both Dr. Phillip Edelstein, claimant's treating psychiatrist, and independent psychiatrist Dr. Alvin L. Dunbar stated that claimant was incapable of sustained remunerative employment.

{¶ 3} Commission psychiatrist Dr. Melvin M. Nizny in 1991 opined that:

"Using the AMA Guide [claimant] would be rated at 25% on a permanent partial basis. He is not totally impaired and should be considered for work with metro other than as a bus driver."

{¶ 4} He also, however, said:

"He [claimant] is now nearing age 59 and I think the chance that some employer other than Metro would offer him gainful employment would be

unrealistic bordering on fantasy. In that regard, the system and all its players has [*sic*] contributed to the maintenance of his regressed state."

{¶ 5} Commission psychologist Dr. Lee Howard in a 1988 examination of claimant found:

"A psychological or psychiatric disorder secondary to the Industrial accident in question was not discovered. Specifically all MMPI clinical scales were within the normal range. Clinical observations were within the normal range. There were no evidences of anxiety or depression. The claimant appeared very relaxed throughout the entire examination. Physiological correlates of emotional disturbance were absent. Daily activities appeared to be generally within the normal range.

"If a psychological or psychiatric disorder was present in the past, it appears to be successfully treated by Dr. Edelsten [*sic*]."

{¶ 6} He assessed a zero to three percent permanent partial impairment and felt that claimant was capable of returning to his former job as well as other types of work.

{¶ 7} Dr. Clarence J. Louis evaluated claimant's physical conditions on the commission's behalf. He indicated that with the exception of blackout spells related to claimant's head trauma, claimant's other physical conditions had resolved. He felt that claimant was unable to resume his former duties, but could do other work. Dr. Ron M. Koppenhoefer assessed a fifteen percent combined effects permanent partial impairment.

{¶ 8} Claimant also submitted a vocational report from Anthony C. Riccio, Ph.D. Riccio felt that claimant's psychiatric condition, blackouts, age, and perceived lack of skills precluded sustained remunerative employment.

{¶ 9} The commission denied permanent total disability compensation, writing:

"The reports of Doctor(s) Edelstein, Louis, Howard, Koppenhoefer, Nizny, Riccio were reviewed and evaluated. The order is based particularly upon the reports of Doctors Louis, Howard[,] Koppenhoefer, Nizny[,] evidence in the file and/or evidence adduced at the hearing.

"The Commission finds that the reports of Drs. Louis, Howard, Koppenhoefer, and Nizny indicate that the combined effects of the allowed conditions represent a low impairment which allows claimant to perform various sedentary and light duty jobs. Considering claimant's age of 59, his high school education and work experience as a bus driver, and the above medical reports, the Commission concludes that claimant can obtain or be trained for such work. It is particularly noted that Dr. Nizny suggested that claimant return to work for the same employer but at a different position than that of bus driver. It is the decision of the Commission to deny claimant's application for permanent total disability."

{¶ 10} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The appellate court ruled that the order fell short of the evidentiary standards of *State ex rel. Noll. v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and returned the cause to the commission for further consideration and amended order.

{¶ 11} This cause is now before this court upon an appeal and cross-appeal as of right.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee and cross-appellant.

_____

***Per Curiam.***

**{¶ 12}** Both sides object to the appellate court's disposition. While claimant seeks to compel an award of permanent total disability compensation pursuant to *State ex. rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, the commission seeks to reinstate its decision. For the reasons to follow, we affirm the judgment of the court of appeals.

**{¶ 13}** Two of claimant's objections fall quickly. First, the commission's alleged lack of permanent total disability guidelines does not violate due process. *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23. Second, contrary to claimant's representation, the commission did not ignore Dr. Riccio's vocational report. The order specifies that the report was reviewed.

**{¶ 14}** Claimant also proposes that Dr. Edelstein's reports are entitled to enhanced weight because he was claimant's attending physician. We disagree. The commission has exclusive authority to evaluate evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc*. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Claimant's proposal infringes on that authority.

**{¶ 15}** Claimant alternatively asserts that the reports of Industrial Commission physicians warrant heightened deference. Apparently, however, the proposed precept applies only to those doctors with opinions favorable to claimant, for claimant, in the next breath, criticizes the commission for relying on its other specialists—Drs. Koppenhoefer, Louis and Howard. The flaws in this argument are obvious.

**{¶ 16}** Claimant also suggests that, henceforth, *all* commission orders be made to set forth the reasons for finding one report more persuasive than another. Claimant's argument, as a broad proposition, is weakened by *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1984), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, and *Noll, supra. Noll* requires only a brief explanation of the commission's reasoning. *Mitchell* instructs the commission to list in its orders the evidence on

which it relied. Moreover, later decisions have stressed that a reviewing court is not aided by a recitation of evidence that was considered but not found persuasive. See, *e.g., State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174. Logic dictates that if the identity of rejected evidence is irrelevant, so is the reason for rejection.

{¶ 17} We recognize that each permanent total disability case is unique and, as such, a more detailed explanation for all commission orders is not necessary. In this case, the most glaring deficiency in the commission's order arises from its failure to adequately explain its nonmedical analysis. The commission's discussion is a bare recitation of data without elaboration as to how the cited factors combined to make claimant work-amenable. *State ex rel. Jarrett v. Indus. Comm.* (1994), 69 Ohio St.3d 127, 630 N.E. 2d 699, has declared such a recitation to be unacceptable under *Noll.*

{¶ 18} While we agree, therefore, that the commission's order falls short of *Noll*, we disagree with claimant's contention that the order's shortcomings compel the issuance of a full writ pursuant to *Gay*. We note that neither claimant's medical nor nonmedical profile presents the requisite one-sidedness necessary to sustain a claim for *Gay* relief. As to the latter, claimant's nonmedical profile does not clearly suggest *Gay* relief. Claimant was only fifty-nine when permanent total disability compensation was denied. He was a high school graduate with specialized mechanics training. This is in contrast to, for example, a sixty-eight-year-old English illiterate with no skills and a sixth grade education. See *State ex rel. Soto v. Indus. Comm*. (1994), 69 Ohio St.3d 146, 630 N.E.2d 714 (Gay relief awarded).

{¶ 19} We turn finally to the commission's claim that claimant's inability to work is a result of claimant's voluntary refusal to work. The commission's assertion is based on the following passage from Dr. Nizny's report:

"Mr. Bell himself seems to have accepted the doctor's statement that he is completely and forevermore impaired and has not [himself] sought rehabilitation

or other gainful employment. As he said to me, 'You don't fight the man with the pencil.' In this regard he has regressed from employment to a dependent state where he views himself as totally impaired.

"It is clear to me that Mr. Bell does have some residual of the previous described Post-Traumatic Stress Disorder of feeling terrified to resume work as a bus driver and because of his rage at his employer and his distrust of them now states that he would refuse any work offered by Metro."

{¶ 20} We reject the commission's argument for two reasons. First, it essentially penalizes the claimant for heeding his attending physician's instructions. Dr. Edelstein said that, medically, claimant could not work. Second, claimant's reported refusal to return to SORTA ignores that his industrial injury removed him from his job before the statement was ever made. We do not, therefore, find that claimant has voluntarily forfeited eligibility for further consideration of his application for permanent total disability compensation.

{¶ 21} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————