DECISION
{¶ 1} Relator, Baja Marine Corporation, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting nonworking wage loss compensation to respondent, Cynthia S. Eggelston ("claimant") from July 27 through September 4, 2004 and continuing, and to issue an order denying said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that the commission did not abuse its discretion in granting wage loss compensation. The magistrate reasoned that the medical opinion finding the existence of permanent restrictions for purposes of wage loss compensation is not necessarily inconsistent with a later medical opinion from the same doctor in support of temporary total disability ("TDD") compensation for the same allowed conditions. More specifically, the magistrate found that there was no inconsistency between Dr. Viau's C-140 report indicating permanent restrictions upon which the commission relied in granting wage loss compensation and his later report in support of TTD compensation which the commission rejected. Therefore, the magistrate has recommended that this court deny the requested writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision on a variety of grounds. First, relator objects to the magistrate's findings of fact because the magistrate allegedly made no "fact findings regarding the contents of Dr. Viau's records and reports and specifically his treatment of expressly disallowed conditions." However, it is clear from the record that Dr. Viau's opinions as expressed on the C-140 were based solely on the allowed conditions in the claim. The fact that Dr. Viau was also treating non-allowed conditions is of no consequence. Dr. Viau's opinions were expressly limited to the allowed conditions. The commission is responsible for weighing the evidence and there is some evidence supporting the connection between Dr. Viau's opinions regarding permanent restrictions and the allowed conditions. Therefore, the commission did not abuse its discretion and relator's first objection is overruled.
 {¶ 4} Relator argues in its second objection that the magistrate's findings of fact incorrectly attribute the lifting restriction in Dr. Sethi's May 24 and June 28, 2004 reports to the allowed conditions. After reviewing the record, we agree that the lifting restrictions reflected in Dr. Sethi's reports did not relate to the allowed conditions. Nevertheless, this inaccuracy in the magistrate's factual findings is of no consequence because the commission, acting within its broad scope of authority as the adjudicator, elected to rely upon the reports of Dr. Viau for purposes of determining wage loss compensation. The commission did not rely on Dr. Sethi's opinion in determining wage loss compensation. Accordingly, relator's second objection is overruled.
 {¶ 5} Relator asserts in its third objection that the magistrate failed to address a number of its arguments in support of mandamus relief. Although the magistrate may not have expressly addressed all of these arguments, most of them are intertwined with those issues decided by the magistrate and are at least implicitly addressed in the magistrate's decision. In any event, the arguments relator asserts are meritless.
 {¶ 6} Relator first argues that the commission "abused its discretion by failing to address the medical cause of claimant's alleged wage loss." This argument is baseless. The record reflects that the commission found the medical cause of the wage loss to be the allowed conditions. This finding is supported by the June 18, 2004 C-140 submitted by Dr. Viau.
 {¶ 7} Relator next argues that Dr. Viau's June 18, 2004 C-140 report is not some evidence to support the wage loss because it allegedly considered disallowed conditions. We disagree. This report expressly limits the identified physical restrictions to the allowed conditions in the claim. The commission was free to weigh this opinion against the fact that Dr. Viau was also treating non-allowed conditions. Given the representations contained in Dr. Viau's C-140 report, the commission did not abuse its discretion in relying upon this report and awarding wage loss compensation.
 {¶ 8} Relator next argues that the commission "abused its discretion by arbitrarily rejecting Dr. Sethi's reports." Again, we disagree. The commission, acting within its broad authority as the adjudicator, elected to rely upon the reports of Dr. Viau rather than Dr. Sethi in determining the claimant's entitlement to wage loss compensation. The commission is not required to explain why it relied upon one opinion over another, or to state its reasons for finding one report more persuasive than another.State ex rel. Bell v. Indus. Comm., 72 Ohio St.3d 575,1995-Ohio-121.
 {¶ 9} Relator also argues that the commission abused its discretion because it was "collaterally estopped from relitigating the issue of causation between claimant's contemporaneous alleged disability and the allowed claim conditions." Relator fails to recognize the distinction between the allowance of an additional condition and termination of TTD compensation, and the claimant's right to wage loss compensation. Just because the commission denied an additional condition and terminated TTD compensation (because the claimant reached maximum medical improvement ["MMI"]), does not mean that the commission has addressed the issue of permanent restrictions and the claimant's right to wage loss compensation. These are separate determinations based upon completely different criteria. The doctrine of collateral estoppel and/or res judicata have no application under these circumstances.
 {¶ 10} The last argument relator asserts pursuant to its third objection is that the commission's order granting wage loss compensation violates State ex rel. Noll v. Indus. Comm.
(1991), 57 Ohio St.3d 203 because the order allegedly does not state what evidence the commission relied on, nor does it briefly explain the reasoning for its decision. Again, we disagree. The commission expressly identified the June 18, 2004 C-140 report of Dr. Viau as the evidentiary basis for its order and then briefly explained the reasoning for its decision. Therefore, the order complied with Noll.
 {¶ 11} Having expressly addressed all of the arguments asserted under relator's third objection, and finding those arguments unpersuasive, we overrule relator's third objection.
 {¶ 12} In its fourth and last objection, relator argues that the magistrate's determination that Dr. Viau's June 18, 2004 C-140 and his June 28, 2004 C-84 "are not necessarily contradictory is flawed, baseless, and unsupported by the facts or evidence." Relator contends that there is an inherent inconsistency between a finding of permanent restrictions arising from the allowed conditions and a finding that the allowed conditions are not at MMI. For the reasons identified by the magistrate, we disagree.
 {¶ 13} Relator confuses two separate and distinct concepts. An opinion finding permanent restrictions from the allowed conditions justifying wage loss compensation is not necessarily inconsistent with an opinion that the allowed conditions could still improve. An allowed condition may result in a permanent job restriction, yet the claimant may still be entitled to TTD because the allowed condition has not reached MMI. Therefore, the commission did not abuse its discretion when it rejected Dr. Viau's June 28, 2004 C-84 report for purposes of TTD but relied on Dr. Viau's June 18, 2004 C-140 report for purposes of wage loss compensation. Accordingly, relator's fourth objection is overruled.
 {¶ 14} Following an independent review of this matter, we find that the magistrate has properly determined the facts, except for her finding that Dr. Sethi attributed the lifting restriction to the allowed conditions. However, as previously indicated, this inaccuracy is of no consequence because the commission did not rely on Dr. Sethi's opinion for purposes of determining wage loss compensation. We also find that the magistrate applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact (with the noted modification) and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Brown and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Baja Marine Corporation, : Relator, : v. : No. 05AP-555 Industrial Commission of Ohio : (REGULAR CALENDAR) and Cynthia S. Eggelston, : Respondents. :
 MAGISTRATE'S DECISION Rendered on December 14, 2005 Moscarino Treu, L.L.P., Michael J. Bertsch and Kathleen E.Gee, for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 15} Relator, Baja Marine Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted nonworking wage loss compensation to respondent Cynthia S. Eggelston ("claimant") from July 27 through September 4, 2004 and continuing, and to issue an order finding that claimant is not entitled to that compensation.
Findings of Fact:
 {¶ 16} 1. Claimant sustained a work-related injury on November 22, 1999, and her claim has been allowed for "cervical sprain/strain; thoracic sprain/strain; lumbosacral sprain/strain; aggravation degenerative discs L4-5."
 {¶ 17} 2. Temporary total disability ("TTD") compensation was paid to claimant from November 23, 1999 until it was terminated effective July 12, 2004, based upon a finding that her allowed conditions had reached maximum medical improvement ("MMI"). In so finding, the commission relied upon two reports of Sushil M. Sethi, M.D. In his May 24, 2004 report, Dr. Sethi noted that: claimant has had chronic back problems beginning in the 1970's; in his opinion, the injury claimant sustained on November 22, 1999, did not cause her to develop aggravation of degenerative disease; the MRI results indicate that claimant is undergoing normal aging process degeneration; and claimant's allowed conditions had reached MMI. Dr. Sethi opined that claimant could not lift over 25 pounds and assessed a ten percent whole person impairment for her allowed conditions. In his June 28, 2004 addendum, Dr. Sethi reviewed additional records and came to the same conclusion — that claimant's November 22, 1999 injury had resolved.
 {¶ 18} 3. On April 1, 2004, claimant requested that her claim be additionally allowed for aggravation of preexisting disc degeneration at L2-3 and L3-4. Her motion was supported by the office records of Michael Viau, M.D., in which he opined that these conditions were the direct and proximate result of the 1999 work injury.
 {¶ 19} 4. On July 12, 2004, the commission disallowed claimant's claim for aggravation of preexisting disc degeneration at L2-3 and L3-4, and relied upon the May 24, 2004 report of Dr. Sethi and his June 28, 2004 addendum.
 {¶ 20} 5. Thereafter, on September 14, 2004, claimant filed an application for wage loss compensation supported by a C-140 completed by Dr. Viau. Although Dr. Viau did not list the allowed conditions on the C-140, he had been claimant's treating physician for some time. Based upon his examination of June 18, 2004, Dr. Viau indicated that claimant had the following restrictions: standing and sitting up to two hours, no walking; frequently reach, occasionally bend and squat, but no crawling or climbing; lifting and carrying up to ten pounds frequently and up to 20 pounds occasionally, but precluded from lifting above 20 pounds. Dr. Viau also indicated the restrictions were permanent and that, due to the restrictions, claimant could work, within these restrictions, four hours a day for five days a week.
 {¶ 21} 6. On October 28, 2004, claimant's request for wage loss compensation was heard before a district hearing officer ("DHO") and was granted. The DHO found that claimant had sought suitable employment with the employer of record, had registered with the Ohio Department of Job and Family Services, had provided sufficient medical evidence indicating a list of restrictions, and that she had submitted evidence of a good-faith job search.
 {¶ 22} 7. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on December 20, 2004, and resulted in an order affirming the prior DHO order. Specifically, the SHO granted wage loss compensation as follows:
Wage loss compensation remains awarded from 7/27/2004 through 9/04/2004, and to continue based on submission of on-going job search documentation substantiating a continued good faith job search. The Staff Hearing Officer relies on the C-140 report of Dr. Viau; dated 6/18/2004, which limits the injured worker to part-time (four to five hours per day) light duty work, on a permanent basis.
The Staff Hearing Officer finds that the injured worker has fulfilled the rule requirements of contacting her former employer for a potential position (see 10/12/2004 letter from Diane Belcher with Baja Marine Corp.), and registering with the ODJFS agency. The Staff Hearing Officer further finds that the injured worker has conducted a good faith job search for alternative employment, based on the documentation submitted, as she has routinely contacted fifteen potential employers per week, seeking entry level positions. The Staff Hearing Officer also finds that this number of weekly job contacts is sufficient, given the injured worker's residence in Bucyrus, and taking into account its geographic location and lack of proximity to any major metropolitan areas.
The employer primarily argued at this hearing that the injured worker's application is not supported by sufficient medical evidence. They have relied on the report of Dr. Sethi of 6/28/2004 who indicated that the injured worker had reached maximum medical improvement and that this 1999 injury had resolved. They pointed out that the Commission has recently terminated temporary total compensation in this claim, and denied requested additional allowances, relying on Dr. Sethi's report. They further pointed to a long prior history of low back problems of the injured worker in support of Dr. Sethi's conclusion.
The employer's argument in this regard is not found persuasive. While Dr. Sethi's report was recently relied on to terminate temporary total compensation, it was only on the basis that the injured worker had reached maximum medical improvement. Neither the District Hearing Officer nor the Staff Hearing Officer found that the injured worker was capable of returning to her former job, or that the 1999 injury had resolved. In addition, the injured worker has been paid a large amount of temporary total compensation in this claim, and was never fully released to perform her former job without restriction. Furthermore, while she does have a significant past history of low back problems prior to 1999, she was able to work for the employer of record throughout that time, at several strenuous jobs, including as a boat laminator and detailer.
The Staff Hearing Officer additionally relies on the injured worker's testimony that she has had ten job interviews since commencing the job search, and has another one scheduled tomorrow, in support of the finding that her job search have [sic] been in good faith.
 {¶ 23} 8. Relator's appeal was refused by order of the commission mailed January 22, 2005.
 {¶ 24} 9. Relator's request for reconsideration was denied by order of the commission mailed March 9, 2005.
 {¶ 25} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 27} In this mandamus action, relator challenges the evidence relied upon by the commission to grant wage loss compensation. Specifically, relator points out that Dr. Viau authored "over lapping reports" simultaneously indicating that claimant was temporarily and totally disabled due to her allowed conditions and, also, that certain restrictions were permanent. Relator points out that, because of this, the commission should not have relied upon any of the evidence of Dr. Viau and the commission should have relied upon the reports of Dr. Sethi and denied claimant wage loss compensation just as the commission had terminated claimant's TTD compensation based upon the reports of Dr. Sethi.
 {¶ 28} In the present case, claimant had been receiving TTD compensation for a significant period of time, beginning November 23, 1999. While Dr. Viau was still opining that claimant was temporarily and totally disabled, relator had claimant examined by Dr. Sethi who issued his May 24, 2004 report and his June 28, 2004 addendum upon which the commission ultimately relied in finding that claimant's allowed conditions had reached MMI.
 {¶ 29} Thereafter, claimant requested nonworking wage loss compensation from relator and attached the June 18, 2004 C-140 of Dr. Viau as well as his office records. Relator objected and the matter was ultimately set before the commission for hearing. The matter was heard before a DHO on October 28, 2004. The DHO relied upon the C-140 of Dr. Viau as well as his office notes and granted wage loss compensation to claimant. That decision was affirmed by SHO order issued December 20, 2004.
 {¶ 30} What relator is really arguing in the present case is that Dr. Viau's C-140 should be removed from evidence because, in reality, he was opining that claimant had temporary and permanent restrictions based upon the same allowed conditions over the same time period. In certifying a period of TTD compensation, a doctor is opining that an injured worker cannot return to their former position of employment during the stated time period. The injured worker may be able to perform other work and, in fact, an employer may make other employment available within the injured worker's medical restrictions. That injured worker may have some "permanent" restrictions and some "temporary" restrictions and still be temporarily totally disabled from returning to their former position of employment. If, as here, the commission concludes that the injured worker has reached MMI, the commission is not necessarily rejecting the doctor's opinion that the injured worker also has certain "permanent" restrictions.
 {¶ 31} At the time that Dr. Viau completed the C-140 indicating that claimant had certain permanent restrictions, Dr. Sethi had already issued his May 2004 report indicating that, in his opinion, claimant had reached MMI. Dr. Viau never said claimant could return to her former position of employment. Instead, in his C-140, he indicated that claimant could work within certain restrictions. This did not contradict Dr. Viau's opinion that claimant still could not return to her former position of employment. This magistrate cannot say that it is an abuse of discretion for the commission to rely upon the C-140 of Dr. Viau authored after contradictory medical evidence was presented to the commission in support of relator's application to terminate claimant's TTD compensation. Further, as stated previously, it is not necessarily contradictory for Dr. Viau to opine that claimant has some "permanent" and some "temporary" restrictions which prevent the claimant from returning to her former position of employment. It all came down to credibility and the commission found that claimant's evidence was credible and this magistrate does not find that determination constituted an abuse of discretion.
 {¶ 32} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting claimant wage loss compensation and relator's request for a writ of mandamus should be denied.
 s/s Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE